The Chaecellob.
One complaint made against the award is, that it purports to be in pursuance of a submission, which, upon a legal construction, contemplates only one award upon the matters submitted, “ and that to be final and conclusive between the parties.” It isinsisted that the award is therefore illegal, because it is not in pursuance of the submission, and ought not to be enforced.
Waiving the consideration whether this is not a legal question, which ought to have been determined by the legal tribunal, when this award and the parties were there, how can the complainant invoke the aid of a court of equity on this ground, when it appears, by the bill itself, that when the first arbitrators met, the parties mutually agreed that the arbitrators should make an assessment of the damages in question only from the time of the erection of the mill dam to the date of the report ? When, subsequently, the parties selected other arbitrators, who awarded damages arising after the date of the first report, and then selected a third set of arbitrators, for the purpose of assessing the damages and making an award, who the complainant now says had no legal authority to make any award at all, it would be against equity and good conscience to permit the complainant thus to repudiate his own acts. He agreed, by his solemn acts, to be bound by the award. The parties mutually agreed to this mode of settling their disputes. They have given their own construction, thus far, to the written agreement thus entered into; and, as far as proceedings have been had by their mutual consent, that consent will bind them, at all events, in this court. The bill states that Hoagland *48 alleged, that since the date of the second award, he had sustained damages by reason of the erection of the mill dám; and that, in order to give full satisfaction, the complainant agreed to the selection of arbitrators, and to submit to them the question of damages subsequent to the date of the second award. In pursuance of this agreement, the award now complained of was made.
What are the objections to the award ? The bill shows, and about this there is no dispute that the arbitrators were selected to estimate and assess the damages and loss sustained by Henry Y. Hoagland, by reason of the erection of the mill dam, from the 22d day of October, 1847, (the date of the second award) until the 22d day of November, 1849. There is only one specific ground of complaint stated in the bill. It is, that the amount awarded was not for damages which, in the opinion of the said arbitrators, had' accrued subsequent to "the said 22d day of October, 1847, but that they took into consideration, and made their award of damages principally upon matters which had been submitted to the former arbitrators, and for which full damages had been awarded and paid. There is no other ground of complaint stated. The complainant must maintain this issue, or he cannot be relieved.
To justify this court interfering with an award, it must be shown there was fraud, mistake, or accident. The accident must be such as to have deprived the party of the benefit of a hearing of of some substantial right; the fraud must amount to corruption, partiality, or gross misbehavior in the arbitrators; and the mistake, if in law, must be a plain one upon some material point affecting the case; if a mistake of fact, it must, in general, be such as the arbitrator himself would admit, such as a miscalculation in an account, and the like. 2 Story’s JEq. J. 1451; Adm’r of Schenck v. Cuttrell, 1 G. C. R. 301.
In this case, there is no accident alleged which interfered with the complainant’s rights, or has been the occasion of injustice-. The arbitrators committed no mistake, *49 as to the law. They did not assume that, by law, they had the right to go beyond the date of the second award. And yet it is alleged that they did go beyond that date; and it is upon this ground that the interference of the court is invoked. If this is so, then the arbitrators made a mistake, and they unintentionally included damages they did not intend. From the very nature of the mistake alleged, it must be one unintentional on the the part of the arbitrators, one which can be readily pointed out to them, and made plain and palpable. The bill states the mistake to be a plain one. In the language of the bill, “ the award was not for damages which in the of inion of the said arbitrators had accrued subsequent to the said twenty-second day of October, in the year eighteen hundred and forty-seven, and which alone were submitted to them to be arbitrated.” This, then, is the only issue made by the bill, whether, in the opinion of the arbitrators, the damages they awarded were not subsequent to the date of the second award ? From the very nature of the issue, the testimony of the arbitrators themselves must be conclusive upon it.
William A. Voorhees, one of them, says he does not think they went behind the prior awards in making any allowance of damages. Ralph Voorhees, another one, says, “ I do not remember that we allowed damages for anything prior or beyond the two years. I am not certain that we did not.” Joseph Thomson, the other arbitrator, says, “ I am satisfied that we did not, and did not intend to allow for any damages prior to the last award. We did not allow for any items of annual damage which had been allowed, except what is embraced in the first item.” He further says, they had both prior awards before them, and did not “ intend to assess any damages where they understood permanent damages had been assessed. The arbitrators were examined with great minuteness as to the several items which made up their award. It is very clear that, in their opinion, they did not make any mistake. *50 They'are unwilling, after a thorough examination, to admit that any mistake was made. Is there a mistake shown, so clear, so self-evident, that it is apparent they wilfully persist in refusing to acknowledge what any candid sensible man ought to admit ? There was considerable evidence taken upon the point, and there possibly is room for a difference of opinion, as to whether some of the items of damage embraced in the last, may not have been included in one of the prior awards. But whether these damages did accrue prior to the date of the second award, was a matter which, by the parties, was submitted to the judgment of these three men, and with that judgment this court has no right to interfere.
It was insisted, by the complainant’s counsel, that it was apparent, from the evidence, that some of the items of damages allowed were not proper subject matters of damages. But this is not an issue made by the pleadings. If it were, I could not interfere. What were, and what were not, proper matters to be adjudicated upon as damages, were submitted to the discretion of the arbitrators. An error in judgment on the merits is no ground why this court should interfere with the award.
It was said, by counsel, that this was an important cause for the complainant, because it involved the question, whether the articles of submission between the parties did not, in terms, embrace both the prospective, as well as actual damages occasioned to the defendant by the erection of the mill dam. But I am not called upon to decide that question. If the defendant should demand further damages, and the complainant should see proper to join the defendant in selecting men to determine upon his demands, the complainant must submit to their determination. Should he refuse to arbitrate, then the defendant must resort to some other tribunal, who will determine as to the effect and the extent of the submission and award heretofore made between the parties.
The award must stand, and the bill be dismissed with costs.